986 F.2d 1422
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John TAPP, Sr., Petitioner-Appellant,
v.
William ASHLEY, Warden, Respondent-Appellee.
 No. 92-6061.
 United States Court of Appeals, Sixth Circuit.
 March 4, 1993.
 
 Before NATHANIEL R. JONES and DAVID A. NELSON, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 John Tapp, Sr., appeals a district court judgment dismissing his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1985, a jury found Tapp guilty of two counts of trafficking in a controlled substance. Due to the jury's verdict, Tapp changed his plea to guilty to those offenses so that he might also enter a guilty plea to the related charge of being a first degree persistent felony offender. Tapp was sentenced to ten years imprisonment. Tapp then filed several post-trial motions. The trial court construed these pleadings as a motion to vacate sentence pursuant to Ky.R.Crim.P. 11.42 and denied the motion. The Kentucky Court of Appeals affirmed the trial court's decision and the Kentucky Supreme Court denied further review.
 
 
 3
 Tapp next filed a petition for writ of habeas corpus in federal district court, alleging several grounds for relief. The district court determined that his claims were without merit and dismissed the case. This court denied Tapp a certificate of probable cause to appeal the district court's judgment.
 
 
 4
 Tapp returned to state court and filed a petition for writ of habeas corpus in the trial court, alleging a violation of his double jeopardy rights. The trial court did not address the merits of this claim. Rather, the court concluded that Tapp should have raised this issue in his Rule 11.42 motion and, therefore, he was procedurally barred from raising the issue in a subsequent pleading. The Kentucky Court of Appeals summarily affirmed the trial court's decision and no further appeal was taken.
 
 
 5
 Tapp then filed a second petition for writ of habeas corpus in federal court, raising his double jeopardy claim. Over Tapp's objections, the district court adopted the magistrate judge's report and recommendation and dismissed the case, concluding that Tapp had procedurally defaulted his double jeopardy claim. Tapp has filed a timely appeal. The appellees have informed the court that they will not be filing a brief.
 
 
 6
 Upon review, we conclude that the district court properly dismissed Tapp's habeas petition. Tapp procedurally defaulted his double jeopardy claim in state court and has failed to demonstrate cause and prejudice to excuse this failure. Ylst v. Nunnemaker, 111 S.Ct. 2590, 2594 (1991); Harris v. Reed, 489 U.S. 255, 262-63 (1989).
 
 
 7
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.